IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANASTACIO F. BALDERAS,

        Plaintiff,

v.                                                                 No. 14cv732 JH/KBM

UNITED STATES MILITARY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO PROCEED IFP AND DISMISSING THE COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 2 ("Application"). For the reasons stated below, the Court will **DENY** Plaintiff's Application, **DISMISS** Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1 ("Complaint"), without prejudice, and **GRANT** Plaintiff 21 days in which to pay the filing fee and file an amended complaint.

**Denial of Application to Proceed IFP**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

United States Magistrate Judge Karen B. Molzen notified Plaintiff, who is proceeding *pro se*, that his Application to proceed IFP was deficient because Plaintiff did not sign the affidavit on the first page of the Application and did not describe the expected major changes to his monthly income as required by question No. 9 on page 5 of the Application. *See* Order to Cure Deficiency,

Doc. 5; Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented").  Judge Molzen ordered Plaintiff to file a complete and signed Application within 30 days and notified Plaintiff that failure to timely file a complete and signed Application may result in denial of Plaintiff's Application to proceed IFP.

The Court will deny and strike Plaintiff's Application because Plaintiff did not timely file a complete and signed Application.  *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention").  Plaintiff may, within 21 days of entry of this Order, pay the filing fee.  Failure to timely pay the filing fee may result in dismissal of this case without prejudice.

**Dismissal of Complaint**

The statute governing proceedings *in forma pauperis* also requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Kay v. Bemis*, 500 F.3d at 1217.  The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544

2

(2007)).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.  *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).  However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff makes the conclusory allegation that his constitutional rights have been violated and names the following as defendants:  "Dept. of Defense," and "Dominici [sic], Bingaman, Udall, Heinrich, [and] King."  Complaint at 1-4.  Plaintiff fails to state with any particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").  Because Plaintiff's Complaint fails to state a claim on which relief may be granted, the Court will dismiss the Complaint without prejudice.  Because Plaintiff is proceeding *pro se*, the Court will allow Plaintiff to file an amended complaint.  Plaintiff may, within 21 days of entry of this Order, file an amended complaint.  Failure to timely file the amended complaint may result in dismissal of this case without prejudice.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED.**

**IT IS ALSO ORDERED** that Plaintiff's Civil Rights Complaint Pursuant to

42 U.S.C. § 1983 (Doc. 1) is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** 21 days in which to pay the filing fee and file an amended complaint.

_____
UNITED STATES DISTRICT JUDGE